IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TARECO PROPERTIES, INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:16-CV-482 |
| | § | |
| L&S MINERALS, LLC, *et al*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Steve Morriss and Karen Morriss' Motion for Summary Judgment (ECF 31), Plaintiff Tareco Properties, Inc.'s Motion for Summary Judgment (ECF 36), Plaintiff Tareco Properties, Inc.'s Motion to Strike Defendants' Reply (ECF 39), and Plaintiff's Second Motion for Summary Judgment on Defendants' Newly Asserted Affirmative Defenses (ECF 45). The Court conducted a hearing on the motions on June 22, 2017. At the hearing, L&S Minerals stated that it does not take a position on the pending motions. Having considered the briefing and arguments of counsel, Defendants' Motion for Summary Judgment is **DENIED** and Plaintiff's Motions for Summary Judgment are **GRANTED**.

### BACKGROUND

Plaintiff initiated this lawsuit by filing an Application for Turnover Order on June 1, 2016. In the Application for Turnover Order, Plaintiff asserts that it is the judgment creditor for two judgments registered in this Court: (1) Civil Action No. 6:00-mc-24, *Tareco Properties, Inc. v. Steve Morriss, et al*. (referred to as "the Steve judgment"); and (2) Civil Action No. 6:07-mc-6, *Tareco Properties, Inc. v. Karen Morriss, et al*. (referred to as "the Karen judgment"). As of

1

January 10, 2017, the amount due on the Steve judgment is $4,431,666.88 and the amount due on the Karen judgment is $856,561.96. No payments have been made on the Steve judgment and only $95.49 has been paid on the Karen judgment.

The Steve judgment arises out of a promissory note that was guaranteed by Steve Morriss. FDIC acquired the promissory note when the lender failed. Judgment on the note was originally entered in the Southern District of Texas, Laredo Division. The judgment was assigned by FDIC to Plaintiff on September 30, 1999. The Karen judgment arises out of a judgment obtained by Plaintiff against Karen Morriss in the Middle District of Tennessee, Nashville Division, dated September 30, 2004.

Plaintiff argues that Defendants Steve and Karen Morriss have failed to make payments on the judgments and have avoided payment on the judgments by way of property transfers to hinder collection. On June 16, 2014, Steve and Karen Morriss executed a quitclaim deed of 92.71 acres of property in Smith County to Defendant L&S Minerals. As a result, Plaintiff seeks to use the identified property to satisfy the judgments pursuant to TEX. CIV. PRACT. & REM. CODE § 31.002. According to Plaintiff, Defendants admitted that they transferred the land in Smith County to L&S only to "hold" it for them and no consideration was exchanged. L&S Minerals was established to hold mineral interests owned by Lisa Ray and Steve Morriss. The Morrisses have allegedly asked L&S Minerals to pay a bonus of $41,719.50 and to quitclaim deed the property back to them.

Defendants Steve and Karen Morriss ("the Morrisses") filed a motion for summary judgment asserting that the identified property is not in their possession and is not subject to their control. In addition, the Morrisses submit that the Steve judgment has lapsed and is no longer valid or subsisting. The Morrisses state that they transferred the property to L&S Minerals via quitclaim deed on June 16, 2014, effective June 2, 2014. They assert that they subsequently

requested a return of the property on September 18, 2015, but L&S Minerals refused to return the property. According to the Morrisses, the transfer ended their ownership interest in the property and they have no control over the property. L&S Minerals is a Limited Liability Corporation with one member—Lisa J. Ray as trustee of the Bud Morriss Family Trust. In addition, the Morrisses argue that the Steve Judgment has lapsed because it was originally entered on June 23, 1993. The Morrisses submit that the judgment was only effective for 20 years pursuant to 28 U.S.C. § 3201(c)(1). The Morrisses assert that Plaintiff has not provided any evidence that it obtained a valid lien and/or renewed that lien.

In response, Plaintiff notes that the Morrisses do not contest that Tareco Properties, Inc. owns the judgments at issue. Even though the Morrisses are not the current owners of the property at issue, Plaintiff contends that they have a claim to the property because the transaction to transfer the property lacked consideration. To evidence that claim, Plaintiff submitted a copy of a letter dated September 18, 2015 that was sent by the Morrisses' attorney to counsel for Lisa Ray. Among other things, the letter states that the agreement between the Morrisses and L&S Minerals at the time of the quitclaim deed was that the Morrisses would be paid a bonus, valued at $41, 719.50, in exchange for the donation of the property.[1] The Morrisses sought payment for their share of the

---

[1] *See* Plaintiff, Tareco Properties, Inc.'s, Response to Steve Morriss and Karen Morriss' Motion for Summary Judgment and Brief in Support Thereof, ECF 34-17, Exhibit 18, at *3. The letter states in relevant part:

> As you know, Lisa and Steve have established L&S Minerals, LLC to hold their joint mineral interests. In order to simplify some of these mineral holdings and payment of bonus' [sic], Steve and Karen quitclaimed some mineral interests, which they owned individually outside of either Lisa and Steve's father's or mother's estate to L&S. Subsequently, Carrizo Oil & Gas, Inc. paid a bonus for mineral interests in L&S Minerals, LLC which included the 92.71 acres which had been quitclaimed by Steve and Karen. I have attached the relevant documentation of this transaction.
>
> Steve and Karen were willing to donate the mineral interests themselves to L&S but, consistent with the agreement Steve and Lisa had at the time of the Quitclaim deed, did need to be paid the bonus money. Keith Dollahite reviewed this and notified Lisa that Steve and Karen were entitled to the $41,719.50 in bonus.

bonus and the return of the property.[2] Plaintiff submits that a debtor cannot assert a claim to property and then seek to protect that claim from creditors at the same time. The Morrisses' claim to the property is an unadjudicated cause of action that is "property" as contemplated by the turnover statute. Plaintiff argues that the Morrisses' claim to the property is subject to turnover. In addition, Plaintiff submits that the statute relied on by the Morrisses to argue that the Steve judgment lapsed—28 U.S.C. § 3201—only applies to procedures for the United States to collect its debts. Plaintiff argues that a writ of execution every ten years maintains a judgment under Texas law.

The Morrisses filed a reply adding a new allegation that they signed a release of any claim they may have to the property that was transferred to L&S Minerals. The release was to resolve issues during probate of the estate of Ima Jean Morriss. The release is dated November 16, 2016. The Morrisses argue that the release shows that they do not have any claim to the property.

Plaintiff filed a Motion to Strike Defendants' Reply. Plaintiff asserts that the reply improperly raises a defense concerning the release that was not previously disclosed. The Morrisses did not file a response to the motion to strike. Instead, the Morrisses filed an Amended Answer adding a defense concerning the release.

Plaintiff filed its own Motion for Summary Judgment against L&S Minerals and the Morrisses. For the same reasons previously raised in response to the Morrisses' motion for summary judgment, Plaintiff seeks a summary judgment for immediate turnover of the property. In response to the Amended Answer, Plaintiff also filed a Second Motion for Summary Judgment on Defendants' Newly asserted Affirmative Defenses. Defendants L&S Minerals and the Morrisses did not file a response to either motion for summary judgment filed by Plaintiff.

---

[2] *Id.* ("Accordingly, Steve and Karen want to be paid for their share of the bonus and have the minerals quitclaimed back to them").

Pursuant to Local Rule CV-7(d), "[a] party's failure to oppose a motion in the manner prescribed [] creates a presumption that the party does not controvert the facts set out by the movant and has no evidence to offer in opposition to the motion."

At the hearing on the motions, L&S Minerals stated that it did not respond to the motions because it does not take a position and it will do whatever the Court tells it to do with the property. L&S Minerals also stated that, due to the tense relationship between Steve Morriss and Lisa Ray, it did not believe anything was actually transferred by the quitclaim deed at the time of the transfer and it does not have a problem turning over the property.

## SUMMARY JUDGMENT STANDARD

The Court may only grant a motion for summary judgment when there is no genuine dispute of material fact and the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco,*

*Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

## ANALYSIS

The turnover statute provides that a judgment creditor is entitled to aid from the Court to reach property that the judgment debtor owns, including present or future rights to property, "that: (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRACT. & REM. CODE § 31.002. "An unadjudicated cause of action is generally considered 'property' that may be the subject of an order under the turnover statute." *See Assoc. Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex.App.—Waco 1992, orig. proceeding). An unadjudicated cause of action cannot be readily attached or levied. As a result, the Court can order turnover of a judgment debtor's claim in another proceeding. *See Franch v. HP Locate*, LLC, 2017 WL 507398, at *2 (N.D.Tex. Jan. 19, 2017) (Report and Recommendation adopted in 2017 WL 495954 (N.D.Tex. Feb. 7, 2017)); *see also Colorado Meadowlark Corp. v. Sage Physician Partners, Inc*., 2013 WL 3196434, at *2 (N.D.Tex. June 25, 2013) (granting turnover of defendant's claims and interest in a bankruptcy proceeding). The Morrisses have not disputed that their claim for the return of the subject property from L&S Minerals is not exempt and cannot be readily attached or levied on, as required for the turnover statute to apply.

Instead, in their reply brief the Morrisses raised a new defense concerning the releases they signed on November 16, 2016. Notably, the releases are dated nearly two-and-one-half years after the property was transferred and five months after this lawsuit was filed. Plaintiff seeks to strike the reply brief because the defense was not raised in the Morrisses' pleadings. The Morrisses subsequently amended their answer to include a defense concerning the releases. The releases, however, are not sufficient to release the claim the Morrisses have against L&S Minerals regarding the property at issue.

The releases at issue were executed in conjunction with the settlement of the estate of Ima Jean Morriss. The releases state:

> Steve Morriss [Karen Morriss], Individually and in all relevant capacities, hereby fully and finally RELEASES, ACQUITS, AND FOREVER DISCHARGES Lisa Ray, Karen Morriss [Steve Morriss], Tom Koehler, Ken Calvert, L&S Minerals, LLC, The Consortium Firm, C&M Meats, Inc., and the Estates of Ima Jean Morriss and T.M. Morriss. This release shall apply to beneficiaries, assigns, and related entities. Steve Morriss [Karen Morriss] further covenants not to assert in any manner against any of such persons or entities released hereby, any and all actual or potential claims held by Steve Morriss [Karen Morriss] against said persons or entities released hereby, whether known or unknown, and/or any suits, demands, causes of action, charges or grievances of any kind or character whatsoever, heretofore or hereafter accruing for or because of any matter done, omitted or suffered to be done by any such party hereto prior to and including the date hereof.

*See* Defendant Steve Morriss and Karen Morriss' Reply to Tareco Properties, Inc.'s Response to Defendants' Motion for Summary Judgment and Brief in Support Thereof, Exhibits A and B, ECF 38-1 and 38-2. Claims in existence at the time of the execution of a release are not discharged unless they are clearly within the subject matter of the release. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991). To be legally enforceable, the release must "mention" the claim or claims being released. *Memorial Medical Center v. Keszler*, 943 S.W. 2d 433, 434 (Tex. 1997). The Fifth Circuit has interpreted the requirement for the release to "mention" the claim to "not require particularized enumeration or detailed description, only that the claim being released come

within the express contemplation of the release provision when viewed in context of the contract in which the release provision is contained." *Stinnett v. Colorado Interstate Gas Co.*, 227 F.3d 247, 255 (5th Cir. 2000).

Here, the releases, executed more than two years after the property transfer, accompanied a settlement agreement concerning the resolution of an estate. The settlement agreement is unrelated to the property transfer to L&S Minerals. No evidence has been proffered showing that the Morrisses' claim to the subject property due to a lack of consideration was within the express contemplation of the release provision when viewed in context of the agreement to settle Ima Jean Morriss' estate. This claim is not clearly within the subject matter of the releases and is not discharged by the releases.

The Morrisses additionally argue that the Steve judgment lapsed pursuant to 28 U.S.C. § 3201 of the FDCPA. The FDCPA "provides the exclusive civil procedures for the United States to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). In this case, the Steve judgment is a judgment on a promissory note that was acquired by the FDIC when the lender failed. Where, as here, a private party assignee of the FDIC seeks to execute on a judgment entered in favor of the FDIC against a private borrower, where the FDIC acquired the loan through the failure of the private lender, the loan is not a "debt" as defined in the Federal Debt Collection Procedure's Act. *Sobranes Recovery Pool I, LLC v. Todd & Hughes Construction Corp.*, 509 F.3d 216, 223–26 (5th Cir. 2007). As a result, § 3201 is not applicable here.

State law supplies the procedure for judgment execution if a federal statute is not applicable. FED. R. CIV. P. 69(a). Pursuant to TEX. CIV. P. PRACT. & REM. CODE § 34.001, a judgment becomes dormant after ten years unless a writ of execution is issued within ten years after rendition of a judgment. Plaintiff submitted uncontroverted summary judgment evidence

showing that the Steve judgment was originally filed on June 23, 1993 in the Southern District of Texas, Laredo Division.  It was then filed in this Court on January 24, 2001.  Writs of execution issued on January 24, 2001, February 23, 2007, May 30, 2007 and February 17, 2017.  Here, a writ of execution was entered within ten years after the entry of judgment and was renewed within every ten years thereafter.

## CONCLUSION

There are no genuine issues of material fact in this case.  By way of uncontroverted summary judgment evidence, Plaintiff has shown that the Morrisses have a claim to the identified property and that claim is subject to turnover.  Plaintiff is entitled to judgment as a matter of law, and Plaintiff's application for turnover should be granted.  Plaintiff's motions for summary judgment should be granted, and Defendants' motion for summary judgment should be denied.  It is therefore

**ORDERED** that Plaintiff Tareco Properties, Inc.'s Motion for Summary Judgment (ECF 36) and Plaintiff's Second Motion for Summary Judgment on Defendants' Newly Asserted Affirmative Defenses (ECF 45) are **GRANTED**.   Defendant Steve Morriss and Karen Morriss' Motion for Summary Judgment (ECF 31) is **DENIED**.  It is further

**ORDERED** that the Pretrial Conference scheduled for August 28, 2017, Jury Selection scheduled for September 18, 2017 and Jury Trial scheduled for September 25, 2017 are **CANCELED**.  It is further

**ORDERED** that Defendants Steve and Karen Morriss shall immediately turnover their claim to the property, described as 92.71 acres of land, more or less, situated in Section 23 of the Don Thomas Quevado Survey, A-18, Smith County, Texas being the same land described in that certain Warranty Deed dated October 20, 1917 from J.H. Herndon, Executor of the Estate of W.S.

Herndon to Juddie Parks, recorded in Volume 133, Page 441 of the Deed Records of Smith County, Texas. It is further

**ORDERED** that Defendants shall turn over to Plaintiff all documents or records in their possession or control relevant to the claim. It is finally

**ORDERED** that Plaintiff may file a motion seeking to recover attorney's fees and costs supported by appropriate documentation.

So ORDERED and SIGNED this 9th day of August, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE