IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| TARECO PROPERTIES, INC. | § | |
| --- | --- | --- |
| | § | |
| v. | § | CIVIL ACTION NO. 6:16-CV-482 |
| | § | |
| L&S MINERALS, LLC, *et al*. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Recover Attorney's Fees & Costs (ECF 53). Defendant L&S Minerals, LLC ("L&S Minerals") filed a response (ECF 58) and Plaintiff filed a reply (ECF 62). After due consideration, the motion is **GRANTED** in part and **DENIED** in part.

*Background*

Plaintiff initiated this lawsuit by filing an Application for Turnover Order on June 1, 2016. In the Application for Turnover Order, Plaintiff asserted that it is the judgment creditor for two judgments registered in this Court: (1) Civil Action No. 6:00-mc-24, *Tareco Properties, Inc. v. Steve Morriss, et al*. (referred to as "the Steve judgment"); and (2) Civil Action No. 6:07-mc-6, *Tareco Properties, Inc. v. Karen Morriss, et al*. (referred to as "the Karen judgment"). Plaintiff argued that Defendants Steve and Karen Morriss failed to make payments on the judgments and avoided payment on the judgments by way of property transfers to hinder collection. On June 16, 2014, Steve and Karen Morriss executed a quitclaim deed of 92.71 acres of property in Smith County to Defendant L&S Minerals. As a result, Plaintiff sought to use that property to satisfy the judgments pursuant to TEX. CIV. PRACT. & REM. CODE § 31.002. L&S Minerals was established to

1

hold mineral interests owned by Lisa Ray and Steve Morriss. L&S Minerals is a Limited Liability Corporation with one member—Lisa J. Ray as trustee of the Bud Morriss Family Trust.

Plaintiff filed a Motion for Summary Judgment against L&S Minerals and the Morrisses seeking a summary judgment for immediate turnover of the property. In response to an Amended Answer filed by the Morrisses, Plaintiff also filed a Second Motion for Summary Judgment on Defendants' Newly asserted Affirmative Defenses. Defendants L&S Minerals and the Morrisses did not file responses to either motion for summary judgment filed by Plaintiff. At a hearing on the motions, L&S Minerals stated that it did not respond to the motions for summary judgment because it did not take a position on whether the property should be turned over and it would simply do whatever the Court would like it to do with the property. L&S Minerals also stated that, due to the tense relationship between Steve Morriss and Lisa Ray, it did not believe anything was actually transferred by the quitclaim deed at the time of the transfer and it would not have a problem turning over the property if it in fact had any right to the property.

The Morrisses additionally filed a motion for summary judgment against Plaintiff asserting, among other things, that the property was not in their possession or subject to their control following the transfer of the property to L&S Minerals. In response to that motion, Plaintiff argued that the Morrisses had a claim to the property that was transferred to L&S Minerals because the transaction to transfer the property lacked consideration. Plaintiff further argued that the Morrisses' claim to the property was subject to turnover.

The Court entered an Order on August 9, 2017 granting Plaintiff's motions for summary judgment and denying the Morrisses' motion for summary judgment. Specifically, the Court concluded that Plaintiff showed that the Morrisses have a claim to the identified property and that claim is subject to turnover. The Court ordered the Morrisses to immediately turnover their claim

to the property. All Defendants were ordered to turnover to Plaintiff all documents or records in their possession or control relevant to the claim. The Order additionally stated that Plaintiff may file a motion seeking attorney's fees and costs supported by appropriate documentation.

Plaintiff then filed a Motion to Recover Attorney's Fees & Costs (ECF 53) seeking to recover fees in the amount of $91,200.00 and costs of $710.00 against the Morrisses and L&S Minerals, jointly and severally. The Morrisses did not file a response.

L&S Minerals filed a response in opposition to motion for fees and costs. L&S Minerals asserts that it is not a judgment debtor and, therefore, is not responsible for attorney's fees in this turnover action against the judgment debtors—the Morrisses. L&S Minerals submits that it is not subject to turnover and Plaintiff is not a prevailing party as to L&S Minerals. L&S Minerals states that it has consistently asserted in its pleadings that it never believed that it obtained anything in exchange for the quitclaim deed and that the property was never actually transferred from the Morrisses. L&S Minerals notes that the Court's summary judgment finding determined that the Morrisses' claim to the identified property was subject to turnover and ordered the Morrisses to turnover their claim to the property. The Court did not order L&S Minerals to turnover the property. Further, L&S Minerals argues that the requested fees are excessive for the subject matter of the suit and the work that was done.

In its reply brief, Plaintiff asserts that L&S Minerals was a proper turnover defendant in this case. Plaintiff additionally argues that L&S Minerals was not a neutral party and its statements of its willingness to go along with whatever decision would be made by the Court did not result in any less work for Plaintiff. With regard to the amount of the attorney's fees, Plaintiff submits that L&S Minerals did not controvert the reasonableness of the requested fees.

*Discussion and Analysis*

Pursuant to TEX. CIV. PRAC. & REM. CODE § 31.002(a), a judgment creditor may seek the assistance of the court to reach non-exempt property of a judgment debtor, including present or future rights to the property, to satisfy a judgment. The court may order the judgment debtor to turn over non-exempt property that is in his possession or subject to his control. TEX. CIV. PRAC. & REM. CODE § 31.002(b)(1). The court may also "otherwise apply the property to the satisfaction of the judgment" or appoint a receiver. TEX. CIV. PRAC. & REM. CODE § 31.002(b)(2) and (3).

Texas law permits the recovery of reasonable attorneys' fees from an individual or corporation, over and above the amount of a valid claim and costs, when the claim is for rendered services or performed labor. TEX. CIV. PRAC. & REM. CODE § 38.001. Attorneys' fees are "mandatory under the turnover statute [§ 31.002] if the evidence shows that the judgment creditor was successful in obtaining turnover relief and the attorneys' fees and costs are reasonable." *Marré v. United States*, 117 F.3d 297, 309 (5th Cir. 1997) (citing *Great Global Assurance Co. v. Keltex Properties, Inc*., 904 S.W.2d 771, 775–76 (Tex.App.—Corpus Christi 1995, no writ)).

In this case, Plaintiff is the judgment creditor and the Morrisses are the judgment debtors. In the summary judgment pleadings, Plaintiff asserted that the Morrisses had a claim to the property, even though they executed a quitclaim deed, because the transaction to transfer the property to L&S Minerals lacked consideration. L&S Minerals did not assert an interest in the property or oppose turnover of the property. Indeed, at the summary judgment hearing L&S Minerals asserted that it did not believe the quitclaim deed actually transferred any property. Finding that the Morrisses had a claim to the property and that an unadjudicated cause of action is property that may be subject to turnover pursuant to TEX. CIV. PRAC. & REM. CODE § 31.002, the

4

Court granted the turnover application and ordered the Morrisses to turnover their claim to the property.

The Texas turnover statute is a procedural device to reach property for the satisfaction of a judgment. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991); *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 77 (5th Cir. 1995). Here, the "property" ordered to be turned over in the Court's summary judgment order was the Morrisses's claim to the real property. Plaintiff sought to reach this property for the satisfaction of the Morrisses's judgments. Plaintiff successfully obtained turnover relief against the judgment debtors, the Morrisses. As a result, Plaintiff is entitled to recover its reasonable attorney's fees and costs from the Morrisses. *Marré v. United States*, 117 F.3d at 309.

Plaintiff has not established, however, that it is entitled to recover its attorneys' fees and costs from L&S Minerals. Plaintiff argues that third parties may be subject to a turnover order. "Texas courts do not apply the turnover statute to non-judgment debtors." *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d at 227. Courts may, however, order affirmative action by a third party to "assist the judgment creditor in subjecting [the] non-exempt property to satisf[y] the underlying judgment." *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991), abrogated on other grounds by *In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004). In limited circumstances when a third party retains non-exempt property that is subject to the judgment debtor's possession or control, a turnover order may be enforced against the third party. *See Norsul Oil & Mining Limited*, 703 S.W.2d 345, 349 (Tex.App.—San Antonio 1985, writ denied); *see also Dale v. Finance America Corp.*, 929 S.W.2d 495, 498 (Tex.App.—Ft.Worth 1996, writ denied).

Here, no finding was made that the Morrisses retained possession or control of the property. The Court's decision ordered them to turn over their claim to the property. Moreover, even if the

Court had made that finding and ordered L&S Minerals to turn over the property, none of the cases cited by Plaintiff hold that attorneys' fees may be collected from a third party that retains non-exempt property that is subject to the judgment debtor's possession or control. Instead, the cases merely state that a turnover order may be enforced against a third party holding property that is subject to the judgment debtor's possession or control.

*Conclusion*

For the reasons above, Plaintiff is entitled to recover attorneys' fees and costs from Defendants Steve and Karen Morriss, but not from L&S Minerals. The Morrisses did not respond to Plaintiff's motion or dispute the reasonableness of the requested fees and costs. It is therefore

**ORDERED** that Plaintiff's Motion to Recover Attorney's Fees & Costs (ECF 53) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to Steve and Karen Morriss and **DENIED** as to L&S Minerals, LLC. It is further

**ORDERED** that Plaintiff shall recover **$91,200.00** for reasonable attorneys' fees and **$710.00** for costs against Steve Morris and Karen Morriss, jointly and severally. It is finally

**ORDERED** that the Clerk shall terminate L&S Minerals, LLC's Request for Ruling or Setting on Attorneys' Fees (ECF 63) as **MOOT**.

So ORDERED and SIGNED this 13th day of August, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE